# Exhibit 11

**FILED**

DISTRICT COURT

OKLAHOMA COUNTY, OKLAHON

March 30, 2026 4:43 PM

RICK WARREN, COURT CLERK

Case Number CJ-2026-790

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA**

BRADLEY COX,                                                )
                                                            )
        Plaintiff,                                        )
                                                            )
v.                                                          )    Case No. CJ-2026-790
                                                            )
STATE FARM FIRE AND CASUALTY                                )
COMPANY, and JEREL WRIGHT,                                  )
                                                            )
        Defendants.                                       )

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
ANSWER TO PLAINTIFF'S PETITION**

Defendant State Farm Fire and Casualty Company ("State Farm"), through its undersigned counsel, hereby files its answer and defenses to Plaintiff's Petition (the "Petition"). State Farm denies each and every allegation of the Petition unless hereinafter specifically admitted.

**PARTIES**

1.     State Farm admits that it issued to Plaintiff a homeowners insurance policy, Policy No. 36-BD-E747-9 (the "Policy"), which provides coverage as stated therein and speaks for itself. State Farm admits that Plaintiff submitted a claim with a reported date of loss of January 17, 2023, which was assigned Claim No. 36-44N9-59X, and that the Policy was in force on the date of loss. State Farm further admits that the insured property is located in Oklahoma County, Oklahoma, and, upon information and belief, that Plaintiff owns the insured property. All remaining allegations in paragraph 1 of the Petition are denied.

2.     State Farm admits the allegations in paragraph 2 of the Petition.

3.     State Farm admits that Jerel Wright is an insurance agent that sells State Farm policies and that his office is located at the address stated in paragraph 3. All remaining allegations in paragraph 3 of the Petition are denied

**EXHIBIT
11**

4.      The allegation as to venue in paragraph 4 of the Petition is a legal conclusion to which no factual response is required. To the extent a response is required, the allegation is denied.

## FACTUAL BACKGROUND

5.      State Farm admits that the insured property is located at the address stated, and, upon information and belief, that Plaintiff owns the insured property and has resided there since 2009. Any remaining allegations in paragraph 5 of the Petition are denied.

6.      State Farm admits that it sells, through agents, homeowners insurance policies approved by the Oklahoma Department of Insurance ("DOI"), which provide replacement cost coverage. State Farm is without sufficient information to either admit or deny alleged statements of Plaintiff in communicating with Mr. Wright or what Mr. Wright said to Plaintiff and therefore cannot admit or deny those allegations. To the extent State Farm is required to admit or deny the allegations, they are denied in large part because they are nearly identical to allegations by multiple other insureds against multiple other agents and thus are not plausible. All other allegations in Paragraph 6 of the Petition are denied.

7.      State Farm admits that agents do not 'inspect' the insured property or retain third-parties to do so. To the extent Paragraph 7 purports to quote, paraphrase, summarize, or characterize State Farm's underwriting guidelines, such allegations are denied as incomplete, inaccurate, or misleading, as State Farm's underwriting guidelines are written document that speaks for themselves and all allegations inconsistent therewith are denied. State Farm denies all other allegations in Paragraph 7 of the Petition.

8.      State Farm admits that Plaintiff reported a claim to State Farm for a burst pipe, with a reported date of loss of January 17, 2023, which State Farm investigated and estimated $19,952.85 RCV to repair the damage, including replacement of wood flooring, paneling, and

2

drywall. State Farm states that after application of Plaintiff's $6,366 deductible and recoverable depreciation, $13,049.21 was paid to Plaintiff for damage to the dwelling. State Farm also states that it paid to replace Plaintiff's personal property and to cover additional living expenses while repairs were made. All remaining allegations in Paragraph 8 of the Petition, including all subparagraphs and related footnotes, are denied.

9.     State Farm denies the allegations in paragraph 9 of the Petition.

10.     State Farm is without sufficient information to either admit or deny the allegations in paragraph 10 of the Petition, but states that it is inconsistent with the fact that State Farm paid for alternative living expenses while repairs were made to the property. Therefore, State Farm denies the allegations in paragraph 10 of the Petition.

11.     State Farm is without sufficient information to either admit or deny the allegations in paragraph 11 of the Petition, but states that it is inconsistent with the fact that State Farm paid for alternative living expenses while repairs were made to the property. Therefore, State Farm denies the allegations in paragraph 11 of the Petition.

12.     State Farm denies the allegations in paragraph 12 of the Petition.

13.     State Farm denies the allegations in paragraph 13 of the Petition.

14.     State Farm denies the allegations in paragraph 14 of the Petition.

15.     State Farm denies the allegations in paragraph 15 of the Petition.

16.     State Farm denies the allegations in paragraph 16 of the Petition.

17.     State Farm denies the allegations in paragraph 17 of the Petition.

**CAUSE OF ACTION**
**COUNT I: BREACH OF CONTRACT**
*Against Defendant State Farm*

18.     State Farm herein incorporates its responses to paragraphs 1-17 of the Petition.

19.     State Farm denies the allegations in paragraph 19 of the Petition.

3

20. The allegations in paragraph 20 of the Petition purport to state legal conclusions to which no factual response is required. To the extent a response is required, State Farm denies the legal statement as here applied and denies that it breached any legal obligation to Plaintiff.

21. State Farm denies the allegations in paragraph 21 of the Petition.

22. State Farm denies the allegations in paragraph 22 of the Petition.

23. State Farm denies the allegations in paragraph 23, including subparagraphs (a)–(c), of the Petition.

24. State Farm denies the allegations in paragraph 24 of the Petition.

## COUNT II: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING
### *Against Defendant State Farm*

25. State Farm herein incorporates its responses to paragraphs 1-24 of the Petition.

26. State Farm denies the allegations in paragraph 26, including subparagraphs (a)–(o), of the Petition.

27. State Farm denies the allegations in paragraph 27 of the Petition.

28. State Farm denies the allegations in paragraph 28, including subparagraphs (i)–(vii), of the Petition.

29. The allegations in paragraph 29 of the Petition purport to state legal conclusions to which no factual response is required. To the extent a response from State Farm is required, State Farm disagrees with the legal conclusions as stated and applied and therefore the allegations are denied.

30. The allegations in paragraph 30 of the Petition purport to state legal conclusions with which State Farm disagrees as stated and applied and therefore the allegations are denied. Any separate factual allegations in paragraph 30 are also denied.

31. State Farm denies the allegations in paragraph 31 of the Petition.

4

32.     State Farm denies the allegations in paragraph 32 of the Petition.

33.     State Farm denies the allegations in paragraph 33 of the Petition.

34.     State Farm denies the allegations in paragraph 34 of the Petition.

## COUNT III: NEGLIGENT PROCUREMENT OF INSURANCE
### *Against Agent*

35.     State Farm herein incorporates its responses to paragraphs 1-34 of the Petition.

36.     State Farm admits that the Jerel Wright is a State Farm Agent. State Farm denies, however, that Jerel Wright is an employee of State Farm. The allegation of vicarious liability is a legal conclusion to which no factual response is required by State Farm, but State Farm denies the presence of any misconduct for which it would be vicariously liable. State Farm denies any other allegations in paragraph 36 of the Petition.

37.     The allegations in subparagraphs (a)–(d) of paragraph 37 of the Petition are legal conclusions directed at a Defendant other than State Farm such that no response by State Farm is required. To the extent a response from State Farm is required, State Farm disagrees with the legal conclusions as stated and applied and therefore the allegations are denied.

38.     The allegations in paragraph 38 of the Petition, and subparagraphs (a)–(b) and all roman numerals thereunder are directed at a Defendant other than State Farm such that no response by State Farm is required. To the extent a response from State Farm is required, the allegations are denied.

39.     The allegations in paragraph 39 of the Petition are directed at a Defendant other than State Farm such that no response by State Farm is required. To the extent a response from State Farm is required, the allegations are denied.

40.    The allegations in paragraph 40 of the Petition are directed at a Defendant other than State Farm such that no response by State Farm is required. To the extent a response from State Farm is required, the allegations are denied.

41.    The allegations in paragraph 41 of the Petition are directed at a Defendant other than State Farm such that no response by State Farm is required. To the extent a response from State Farm is required, the allegations are denied.

## COUNT IV: CONSTRUCTIVE FRAUD AND NEGLIGENT MISREPPRESENTATION
### *Against All Defendants*

42.    State Farm herein incorporates its responses to paragraphs 1-41 of the Petition.

43.    The allegations in paragraph 43 of the Petition purport to state legal conclusions to which no factual response is required. To the extent a response is required, State Farm denies the legal statement as here applied and denies that it breached any legal obligation to Plaintiff.

44.    The allegations in paragraph 44 of the Petition are legal argument to which no factual response is required. To the extent a response is required, State Farm denies the correctness of the legal argument generally and as here applied and denies that it breached any legal obligation to Plaintiff.

45.    The allegations in paragraph 45 of the Petition are legal argument to which no factual response is required. To the extent a response is required, State Farm denies the correctness of the legal argument generally and as here applied and denies that it breached any legal obligation to Plaintiff.

46.    The allegations in paragraph 46 of the Petition are legal argument to which no factual response is required. To the extent a response is required, State Farm denies the correctness of the legal argument generally and as here applied and denies that it breached any legal obligation to Plaintiff.

6

47.    The allegations in paragraph 47 of the Petition are primarily legal arguments to which no factual response is required. To the extent a response is required, State Farm denies the legal arguments generally and as here applied and denies that it breached any legal obligation to Plaintiff. State Farm also denies all factual allegations in paragraph 47 of the Petition.

48.    State Farm denies the allegations in paragraph 48 of the Petition, including subparagraphs (a)–(g).

49.    State Farm denies the allegations in paragraph 49 of the Petition.

50.    State Farm denies the allegations in paragraph 50 of the Petition.

51.    State Farm denies the allegations in paragraph 51 of the Petition.

52.    State Farm admits that Jerel Wright is a State Farm agent. State Farm denies, however, that the Jerel Wright is an employee of State Farm. All other allegations in paragraph 52 of the Petition.

53.    State Farm denies the allegations in paragraph 53 of the Petition.

54.    State Farm denies the allegations in paragraph 54 of the Petition.

### COUNT V: FRAUDELENT CONCEALMENT

55.    State Farm herein incorporates its responses to paragraphs 1-54 of the Petition.

56.    State Farm denies the allegations in paragraph 56 of the Petition.

57.    State Farm denies the allegations in paragraph 57 of the Petition.

58.    State Farm denies the allegations in paragraph 58 of the Petition.

### PRAYER FOR RELIEF

State Farm denies that Plaintiff is entitled to any of the relief requested by his prayer for relief. Instead, State Farm asserts that judgment should be entered in favor of State Farm and against Plaintiff and that State Farm should be awarded its attorneys' fees, costs, and all other relief to which it is entitled.

7

## DEFENSES

State Farm asserts the following defenses and reasserts its answers to each and every paragraph of the Petition, as set forth above, incorporating them by reference herein. By pleading these defenses, State Farm does not concede that it has the burden of proof or persuasion on any of these issues, such determination to be made by applicable law. State Farm reserves the right to amend its answer to assert additional defenses if appropriate in light of information disclosed during discovery.

1.     Jerel Wright is not a proper party to this action and has been fraudulently joined.

2.     Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's counsel's use of repeat allegations against State Farm and Mr. Wright that do not match the facts of the case alone demonstrates the failure to state a claim.

3.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

4.     Plaintiff has made allegations and asserted theories which are within the primary jurisdiction of the Oklahoma Department of Insurance.

5.     Plaintiff's claims are barred by limitations.

6.     State Farm has not breached any contract with Plaintiff but has fully complied with the terms of the insurance agreement between the parties. Plaintiff has been paid all amounts owed under the Policy.

7.     State Farm has acted reasonably and in good faith in its handling, investigation, and decision on Plaintiff's claim. At a minimum, a legitimate dispute exists as to coverage and/or the amount owed for any damage covered by the Policy.

8.     Plaintiff has breached his contractual obligations to State Farm.

9.     Plaintiff has not suffered damages as a result of any conduct by State Farm.

8

10. Any damages suffered by Plaintiff was not proximately caused by any act or omission of State Farm or breach of any legal duty by State Farm.

11. Plaintiff has failed to mitigate his damages.

12. Plaintiff is not entitled to prejudgment interest.

13. Plaintiff is not entitled to attorneys' fees and/or costs.

14. State Farm did not engage in any activity that would entitle Plaintiff to punitive damages. An award of punitive damages under the facts and circumstances alleged would deny State Farm its rights and violate the Constitutions of the State of Oklahoma and the United States of America, and such an award would be a penalty in violation of the laws of the State of Oklahoma and the United States of America. Further, to the extent Plaintiff attempts to recover punitive damages under 23 O.S. § 9.1, such statute is unconstitutional under the Due Process Clause of the United States Constitution and the decisions of the United States Supreme Court.

WHEREFORE, Defendant State Farm Fire and Casualty Company prays that Plaintiff recovers nothing by way of the Petition, that judgment be entered in favor of State Farm and against Plaintiff, and that State Farm be awarded its costs, attorneys' fees, and such other and further relief as appropriate under the law and the discretion of this Court.

Respectfully submitted,

Timila S. Rother, OBA #14310
Paige A. Masters, OBA #31142
Amanda M. Finch, OBA #34650
**CROWE & DUNLEVY, P.C.**
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
timila.rother@crowedunlevy.com
paige.masters@crowedunlevy.com

9

amanda.finch@crowedunlevy.com

**ATTORNEYS FOR DEFENDANT STATE
FARM FIRE AND CASUALTY COMPANY**

**CERTIFICATE OF SERVICE**

This is to certify that on the 30th day of March 2026, the undersigned caused a true and correct copy of the above and foregoing to be mailed to:

Reggie N. Whitten
Michael Burrage
Blake Sonne
Hannah Whitten
John S. Sanders
Jake Denne
**WHITTEN BURRAGE**
512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102

Timila S. Rother

10

6221231