## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) BRADLEY COX**, <br><br> *Plaintiff*, <br><br> **v**. <br><br> **(1) STATE FARM FIRE AND** <br>    **CASUALTY COMPANY** and <br> **(2) JEREL WRIGHT**, <br><br> *Defendants*. | **Case No. CIV-26-752-R** |

## PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT

## I.    INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff alleges a Scheme—the **Water Initiative**[1]—whereby State Farm wrongfully denies Plaintiff and other insureds' claims for water damage to their covered property. *See* Petition ("Pet.") at ¶¶ 5-17, 22, 26-34, 36-39, 48-52. Although the type of damage at issue here (water) slightly differs from others involving wind/hail claims, the overall Scheme, including the impact on Plaintiff and other insureds, is substantively the same.[2] The misconduct and harm committed by State Farm and Jerel Wright ("Wright" or "Agent") in this case left Plaintiff and his wife in an extremely vulnerable and horrific situation wherein State Farm low-balled the claim contrary to Wright's representations and as a result, the Insured Property was left in an unlivable condition while Plaintiff's wife was dying of terminal kidney cancer. Pet. at ¶¶ 5-17. Plaintiff had suffered a pipe burst on or about January 17, 2023 that caused widespread damage to the home, including but not limited to the floor buckling and damage to the walls and/or sheetrock. Pet. at ¶ 8. At the forefront of the Water Initiative and the underwriting failures/misrepresentations asserted by Plaintiff is Wright. Pet. at ¶¶ 6-7, 13-14, 16-17, 38-39, 48-52. Wright induced Plaintiff to purchase the Policy through his representations/assurances about the purported full replacement cost coverage provided, and Plaintiff detrimentally relied on these representations which turned out to be false. Pet. at ¶¶ 6-7, 13-17, 38-39, 48-52. For example, Wright promised/assured Plaintiff that "he was procuring replacement cost

---

[1] Plaintiff cites to the Petition at Exhibit 1, which reveals the existence of documents pertaining to State Farm's "Water Initiative" Scheme. *See* ECF No. 1-2 at pgs. 18-24.
[2] *See* William Shakespeare, *Romeo and Juliet* act 2 sc. 1 ("What's in a name? That which we call a rose / By any other name would smell as sweet.").

coverage, the coverage was full and complete coverage for the Home, and that all Plaintiff needed to do was file a claim to be taken care of." Pet. at ¶ 6.[3] These promises were false, and Wright intentionally withheld his knowledge of the Water Initiative at all relevant times. Pet. at ¶¶ 8-17, 38(b)(vii), 48(f)-(g). Wright failed to procure the full replacement cost coverage as he promised and as Plaintiff expected. Pet. at ¶¶ 6, 38(a), 48(d)-(f).

Courts in this district have—in analyzing similar arguments—issued differing opinions on whether remand is appropriate. This continuing split of authority makes remand appropriate, as State Farm cannot establish with "complete certainty" that Plaintiff is unable to state a claim against Defendant Jerel Wright. *Willard v. State Farm*, 2025 WL 2419274, at *5 (W.D. Okla. Aug. 21, 2025) ("The very fact of these differing conclusions lends support to the decision to remand as it is indicative of 'uncertain legal issues' which must be resolved in favor of Plaintiff. Certainly, if the lack of any possibility of recovery against the agents could be established with 'complete certainty,' it is doubtful such a split of authority would exist.").

Indeed, Oklahoma federal courts have remanded numerous cases involving similar allegations. And, in those cases where remand was granted, state courts ***denied*** motions to dismiss by the captive agents based on the same arguments State Farm raises here. *See* **Exhibit 1**, State Court Orders Denying State Farm Agents' Motions to Dismiss. This is a

---

[3] Because Plaintiff pled that he relied on Wright's express promises/assurances to Plaintiff's detriment, Plaintiff's case is distinguishable from numerous prior rulings where this Court and others have declined remand based on the lack of such representations by the State Farm agent. *See, e.g.*, *Barlow v. State Farm Fire & Cas. Co.*, 2025 WL 1139489, at *3 n.5 (W.D. Okla. Apr. 17, 2025), *reconsideration denied*, 2025 WL 1841327 (W.D. Okla. July 2, 2025).

material distinction, as State Farm must show that there exists **no possibility** for recovery under **Oklahoma law**.[4] Accordingly, remand should be granted on this ground alone because State Farm cannot demonstrate—nor can it be established—that Plaintiff is unable to state a claim against Wright with complete certainty.

## II.    LEGAL STANDARD

Because federal courts are courts of limited jurisdiction, there is a well-established presumption against removal. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289–90 (10th Cir. 2001). State Farm contends Wright has been fraudulently joined to avoid federal jurisdiction. For the Court to find fraudulent joinder exists, a number of well settled precepts must be considered:

**First**, "[t]he plaintiff is 'the master of the complaint,' and generally has the right to choose whether to proceed in federal or state court." *Hain Celestial Grp., Inc. v. Palmquist*, 146 S. Ct. 724, 733 (2026). Dismissal of a non-diverse defendant is inconsistent with that right and essentially "force[s] the [Plaintiff] to litigate this case in federal court against their wishes and despite their right to control the forum for this case." *See id*.

---

[4] Binding on this Court's analysis is whether Plaintiff can establish a cause of action against Wright **_in state court_**. *See Johnson v. State Farm Fire & Cas. Co.*, 2019 WL 5388521, at *5 (N.D. Okla. Oct. 22, 2019) (citation omitted); *see also Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

*Second*, State Farm bears a "heavy burden" of persuasion in proving fraudulent joinder. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013); *Montano v. Allstate Indem.*, 2000 WL 525592, at *2 (10th Cir. Apr. 14, 2000).

*Third*, fraudulent joinder be established with "complete certainty upon undisputed evidence." *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir.1967). This means that "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). To this end, "[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Montano*, 2000 WL 525592, at *2 (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-53 (3d Cir. 1992)).

*Fourth*, as the reference to "a cause of action" indicates, remand is required if any one of the claims against the non-diverse defendant is possibly viable. *See Montano*, *supra* at *2 (citing *Green v. Amerada Hess Corp.*, 707 F.2d 201, 207 (5th Cir.1983) ("Even if [plaintiff] were [precluded] from pursuing all his claims save one in state court, a remand would be necessary.")).

*Fifth*, "[a] district court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *See id.*; *Dutcher*, 733 F.3d at 988 ("all factual and legal issues must be resolved in favor of the plaintiff.") (citation omitted).

*Finally*, although a court may "pierce the pleading" to determine whether there has been fraudulent joinder, such "piercing" is limited and a court may not pre-try the merits of the complaint to determine whether a plaintiff has stated a colorable claim. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 112 (3d Cir. 1990). Such action crosses the line from "the threshold jurisdictional issue into a decision on the merits." *See id.* "[T]his [the court] may not do." *See id.*

### III.    ARGUMENT AND AUTHORITIES

### A.    Recent Supreme Court Authority Counsels in Favor of Remand.

In February, the Supreme Court issued its unanimous opinion in *Hain v. Palmquist*, which makes clear the substantial risk to judicial economy created by improper merits-based dismissals on fraudulent joinder grounds. According to *Hain*, any judgment rendered without subject matter jurisdiction is void. Likewise, the Court's improper exercise of jurisdiction here would taint every subject decision and expenditure in this case. *Hain* suggests district courts should err on the side of remand—especially in close cases—to avoid the risk of wasting substantial judicial resources, which is one of the key elements for consideration in a motion to remand. Indeed, the same rationale used in *Hain* is being used to support remand by Oklahoma federal district courts. For example, the day after *Hain* was announced, Judge Wyrick remanded a case against Allstate, who alleged its captive agent was fraudulently joined. Judge Wyrick specifically noted the risk of a post-merits reversal and a waste of judicial resources as grounds for remand. *See* **Exhibit 2**, *Richardson v. Allstate*, 2026 WL 526387, at *1 (W.D. Okla. Feb. 25, 2026) (emphasis

added). Judge Wyrick further correctly explained the limits of the Court's role in adjudicating removal:

> ***In this posture, the Court may not pre-try the underlying issues. Rather, all factual and legal questions must be resolved in favor of Plaintiff. Here, open questions remain regarding the scope of the agent's role in procurement of the policy, whether Plaintiff requested or were promised more extensive coverage than they received, the precise duties that may be imposed on insurance agents under Oklahoma law, the representations made by the agent, the existence and the agent's knowledge of a widespread scheme to shortchange insured parties when making claims for hail and wind damage, and more.*** *Upon review of the record, the Court cannot say that Plaintiff' claims against the agent have "no possibility" of succeeding. Further, this Court has already found remand appropriate in cases remarkably similar to this one.*

*See id.* at *3 (citing *Maher v. State Farm*, 2025 WL 1909507 (W.D. Okla. July 10, 2025) (emphasis added) (ordering remand)). Tellingly, once Judge Wyrick remanded *Maher*, neither State Farm nor its captive agent filed a motion to dismiss the agent from the case.

Magistrate Judge Jason A. Robertson applied the same rationale in granting remand in *Baugh v. State Farm Fire & Cas. Co.*, 2026 WL 796371, at *1 (E.D. Okla. Mar. 4, 2026), *report and recommendation adopted sub nom.*, 2026 WL 793869 (E.D. Okla. Mar. 20, 2026) ("Federal courts may not expand their jurisdiction through merits determinations that precede a proper finding of subject matter jurisdiction.") (citing *Hain*).[5] As was true

---

[5] Indeed, for his concurring opinion in *Hain*, Justice Thomas decried the frequency in which federal courts were using merits-based determinations to deny remand and invoke federal jurisdiction. He stated, "[a]s I read them, this Court's "fraudulent joinder" precedents concerned only whether the plaintiff avoided federal diversity jurisdiction by bad faith or actual fraud—such as lying about a party's conduct or citizenship. Unlike the lower courts' more recent decisions, they did not appear to turn on the strength of the claims on the merits. ***Federal courts sitting in diversity likely cannot dismiss nondiverse parties based on their view of the merits of the claims against those parties. Doing so appears unfaithful to Congress's limits on our diversity jurisdiction and inconsistent with this***

in *Baugh*, State Farm's Notice of Removal is predicated on an improper request "to treat

disputed factual allegations as jurisdictional fraud":

> State Farm does not allege that Plaintiff misstated their citizenship or otherwise falsified jurisdictional facts. Instead, State Farm argues that the allegations against the agent defendants are implausible, repetitive, or unsupported, and therefore amount to "actual fraud" for purposes of the fraudulent-joinder analysis. ***That argument stretches the doctrine beyond its narrow bounds. ... State Farm's argument instead asks the Court to treat disputed factual allegations as jurisdictional fraud***. That approach conflates the two *Dutcher* prongs and improperly transforms a jurisdictional inquiry into a merits determination. ***At the removal stage, the Court does not determine whether allegations are true, persuasive, or likely to survive summary judgment. It only asks whether they are possible under state law***. ... [J]urisdictional doctrine is not an invitation to perpetual relitigation. ***Repetition of an argument does not convert it into jurisdictional truth, and repetition of allegations does not, by itself, establish fraud.*** Continued reliance on arguments previously rejected under controlling law may, in an appropriate case, bear on the objective reasonableness inquiry under § 1447(c).

*See id.* at *2, 5 (internal citations omitted) (emphasis added). The reasoning established in

*Hain* and exercised in *Richardson* and *Baugh* applies with equal force here.

**B.      Remand Should be Granted, as the Split of Authority Shows State Farm Cannot Establish the Lack of any Possible Recovery Against Wright with "Complete Certainty."**

As stated, numerous decisions (including those from this district) have remanded

similar causes of action containing similar allegations against State Farm and its respective

agents. Perhaps more importantly is the fact that Oklahoma state courts have denied

---

***Court's precedents***. As Judge Thapar has put it, the improper-joinder doctrine 'requires federal courts to exercise jurisdiction where none exists over questions of state law that the state courts are better suited to address themselves.' " *Hain*, 2026 WL 501733, at *735-36 (Thomas, J. concurring) (emphasis added, citations omitted).

Defendants' motions to dismiss and found the agent allegations stated a claim for which relief could be granted. *Supra* at 2-3. These decisions addressed the same or at minimum, similar arguments State Farm raises in its Notice and dispels those arguments, including but not limited to State Farm's claim that Plaintiff received the policy he asked for. Accordingly, remand should be summarily granted, since State Farm cannot establish fraudulent joinder with "***complete certainty*** upon ***undisputed evidence***." *Smoot*, 378 F.2d at 882 (emphasis added).

**C.      State Farm Impermissibly Argues the Merits.**

Although a court may "pierce the pleading" to determine fraudulent joinder, it may not pre-try fact issues. *Maher,* 2025 WL 1909507, at *1 ("That the Court may pierce the pleadings, however, 'does not mean that the federal court will pre-try ... doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty.'"); *Foster v. Wynnewood Ref. Co., LLC*, 2025 WL 2045597, at *2 (W.D. Okla. July 21, 2025) (same); *Castens v. Conseco Life Ins. Co.*, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012) ("Although the court may consider evidence outside the pleadings, 'it is not proper for the court to pre-try issues of liability on a motion to remand.'"). By weighing such issues, a court crosses the line from "the threshold jurisdictional issue into a decision on the merits." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 112 (3d Cir. 1990). "[T]his it may not do." *See id*.

State Farm's Notice focuses entirely on the merits of Plaintiff's claims. Its Notice frames the issue as Plaintiff received the policy he asked for and challenges substantive elements such as duty, reliance, and causation. However, this argument turns the governing

standard on its head. "Defendants conflate fraudulent joinder, a jurisdictional inquiry, with Federal Rule of Procedure 12(b)(6), a merits adjudication." *Hernandez v. Greene's Energy Grp., LLC*, 2020 WL 1443838, at *3 (D.N.M. Mar. 25, 2020). For example, in *Batoff*, the Third Circuit found the district court erred where it dismissed the non-diverse defendant because the complaint "fail[ed] to state a valid claim against him." *Batoff*, 977 F.2d 848. The Third Circuit noted that the analysis under fraudulent joinder and Rule 12(b)(6) greatly differed; it noted it was entirely possible that a party was not fraudulently joined even if the claim against that party was ***ultimately dismissed*** for failure to state a claim. *See id*. Judge Wyrick made a similar observation in *Coover*, wherein he noted that "[t]o cast doubt, however, is not to render a case fit for 'summary determination' or to prove it 'with complete certainty.'" *Coover*, 2025 WL 3470868, at *3; *see also Willard*, 2025 WL 2419274, at *5. By contesting the merits of Plaintiff's claim, State Farm urges this Court to "convert[] its jurisdictional inquiry into a motion to dismiss." *Batoff*, 977 F.2d 848, 852. However, doing so is fundamental and reversible error.

**D.    The Petition States a Claim for Negligent Procurement and Fraud.**

### 1.    *Negligent Procurement*

State Farm contends Plaintiff cannot state a claim against Wright for negligent procurement because (1) he received the policy he requested and (2) Plaintiff's damages arise only from State Farm's claim decision. Again, these disputed assertions should be summarily rejected because it seeks to pre-try Plaintiff's claim on the merits, which is improper under a fraudulent joinder analysis. Regardless, the Petition's allegations support a cause of action for negligent procurement. Pet. at ¶¶ 6-7, 13-14, 16-17, 38-39, 48-52.

9

Under Oklahoma law, "there is 'a duty on the part of [an insurance agent] to exercise reasonable skill and care in performing its tasks; i.e., procuring insurance and making any necessary corrections or adjustments after a policy is issued.'" *Castens v. Conseco Life Ins. Co.*, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012) (citing *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. 1999)). To this end, an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *See id.*; *Kutz v. State Farm Fire & Cas. Co.*, 2008 OK CIV APP 60, ¶16, 189 P.3d 740, 745 (same); *Mayer v. Horace Mann Ins. Co.*, 2015 WL 1650271, at *2 (W.D. Okla. Apr. 13, 2015) (same). To this end, Wright was obligated to extend coverage that met Plaintiff' specific, disclosed needs. *Sang v. Smith, et al.*, 2020 WL 6472683, at *4 (N.D. Okla. May 19, 2020) ("[A]gents must offer coverage for *needs disclosed* by the insured.") (emphasis original); *Yeary v. Safeco Ins. Co. of Am.*, 2022 WL 3447120, at *3 (N.D. Okla. Aug 17, 2022) (Where the policy "did not realistically provide [the] coverage" Plaintiff requested, it did not meet their disclosed "specific coverage need.").

Plaintiff's case involves a specific request for full replacement cost coverage as opposed to a general request for "full coverage" or "adequate protection." Pet. ¶ 6. To this end, the Petition alleges Wright had a duty to *inter alia*, use reasonable care, skill, and diligence to procure full replacement cost coverage as Plaintiff requested and as Wright promised that met Plaintiff's stated needs, and Wright breached said duty by: (a) procuring illegitimate full replacement cost coverage, and (b) procuring a policy which deviated substantially and materially from the full replacement cost coverage Plaintiff requested. Pet. ¶ 6, 13-17, 37, 38(a)(i)-(ii). Courts have found similar allegations sufficient to state a

10

claim for negligent procurement. *See, e.g.*, *Ross v. State Farm*, 2024 WL 1092540, at *2-3 (W.D. Okla. Mar. 13, 2024) (allegations the agent sold a policy that did not protect Plaintiff from what they were promised supported negligent procurement claim). Wright's specialized knowledge of the terms and conditions of State Farm's policies gives rise to the duties owed to Plaintiff. *Swickey*, 979 P.2d at 269.

Wright's failures and misrepresentations make him liable in tort. *See Johnson v. Shelter Mut. Ins. Co.,* 2024 WL 1009548, at *4 (E.D. Okla. Feb. 16, 2024), *R&R adopted*, 2024 WL 1178487 (E.D. Okla. Mar. 19, 2024); *Kyger*, 649 F. Supp. 3d 1200, 1206 (W.D. Okla. 2022); *Whitby v. State Farm*, 2023 WL 11763365, at *1 (N.D. Okla. Aug. 21, 2023) (remanding on allegations the agent did not "independently verify the condition of [the property] and report that it did not qualify for full replacement coverage because of its age or condition."). Therefore, Plaintiff has stated a viable claim for negligent procurement against Wright. *See Oxsen v. Philadelphia Am. Life Ins.*, 2023 WL 2823992, at *2 (W.D. Okla. Apr. 7, 2023) (agent plausibly liable for failing to obtain insurance of a certain breadth after agreeing to do so); *Shira v. State Farm*, 2023 WL 4624701, at *1 (W.D. Okla. July 19, 2023) (allegations policy provided narrower coverage than promised created viable negligent procurement claims). These allegations, coupled with the foregoing standard and authority, show State Farm cannot establish with complete certainty no cause of action lies.

Moreover, the applicable standard dictates that the Court should not offer State Farm any presumption that it correctly and appropriately adjusted Plaintiff's claim. *See Sang*, 2020 WL 6472683, at *4. Rather, Plaintiff's factual allegations are entitled to a

11

presumption of truth. State Farm's argument that causation is lacking also fails as it conflates State Farm's own unlawful claims handling with Wright's role in the Scheme. Claims handling on the part of an *insurer* like State Farm does not speak to whether **Wright's** conduct was negligent or fraudulent. *See Strahan v. Allstate Indem. Co.*, 2015 WL 730055, at *3 (W.D. Okla. Feb. 19, 2015) (granting remand; claim payment did not "eliminate the fact that Plaintiff may have suffered other damage or loss" as a result of agent's mistakes or errors). Nor is State Farm's wrongdoing mutually exclusive with Wright's. *Shira*, 2023 WL 4624701, at *1 ("The coverage dispute against State Farm does not preclude the possibility that [the agent] may ultimately be held liable for negligent procurement."). State Farm's argument that no action lies against Wright because it was State Farm that caused Plaintiff's damages ignores the totality of the Petition's allegations against Wright and seeks to pre-adjudicate this issue on the merits. Again, courts have deemed such argument improper and premature at this stage of the proceedings. *See, e.g.*, *Sang*, 2020 WL 6472683, at *4 ("presum[ing insurers] accurately investigated and evaluated [Plaintiff'] claim[s]" is inappropriate on remand).

Plaintiff's negligent procurement claim is also timely. State Farm bases this argument on a duty to read allegation; however, under Oklahoma law, an insured has no duty to read his policy and notice discrepancies between it and previous representations of a soliciting agent." *Bus. Interiors, Inc. v. Aetna Cas. and Surety Co.*, 751 F.2d 361, 364 (10th Cir. 1984); *Ervin v. Minnesota Life Ins. Co.*, 2020 WL 2521510, at *2 (E.D. Okla. May 18, 2020). Rather, it is well-settled that an insured is entitled to the assumption that their insurance policy "conforms to the representations of the soliciting agent." *Warner v.*

12

*Continental Cas. Co.*, 1975 OK CIV APP 19, ¶24, 534 P.2d 695, 699; *Atlas Life Ins. Co. v. Sullivan*, 1935 OK 684, 52 P.2d 28, 30; *Cook v. Medical Savings Ins. Co.*, 2006 WL 898157, at *9-10 (W.D. Okla. Apr. 6, 2006).[6] Moreover, State Farm's argument is contrary to Oklahoma law governing claim accrual, which states a cause of action accrues at the time when a litigant first could have maintained his action to a successful conclusion. *Digital Design Grp., Inc. v. Info. Builders, Inc.*, 2001 OK 21, ¶ 19, 24 P.3d 834, 839 ("An action accrues when a litigant can first maintain an action to a successful conclusion. It does not commence until a plaintiff has a legal right to sue."). As the Petition alleges, Defendants concealed material facts about State Farm's Water Loss Initiative from Plaintiff. This concealment protected and perpetuated the Water Loss Initiative, such that Plaintiff had no way of ascertaining these tactics or the accrual of any cause of action against Defendants. Pet. ¶ 56. State Farm's argument here is a distraction and seeks to pre-try the merits, which is an inappropriate use of the removal procedure.

### 2.    *Constructive Fraud / Negligent Misrepresentation*

Liability for misrepresentation/fraud attaches when State Farm's agents choose to speak yet fail to do so with honesty or thereby create a false impression by selectively disclosing facts. *Ervin v. State Farm*, 2022 WL 22839581, at *3 (W.D. Okla. Dec. 28, 2022); *Downing Trucking, Inc. v. Cline Wood Agy.*, 2007 WL 2816200, at *5 (W.D. Okla. Sept. 26, 2007) (disclosure of some facts and concealment of others supports a constructive fraud claim). Wright's "fail[ure] to accurately relay to [insureds] the nature and character

---

[6] *See* Pet. ¶ 6.

of their insurance, whether on [his] own initiative or in response to [insureds'] inquiries," supports a claim for constructive fraud for the purposes of remand. *Ervin*, 2022 WL 22839581, at *2; *see, e.g.*, *Jackson v. State Farm*, 647 F. Supp. 3d 1195, at 1198-1201 (W.D. Okla. 2022) (coverage assurances later proven false, support viable claims against agent).

Plaintiff has adequately pled elements of duty, reliance and causation. The Petition alleges Wright owed Plaintiff the duty to exercise reasonable diligence and skill in obtaining and accurately notifying of the nature and character of the insurance procured, the duty in undertaking the calculation of replacement cost for the insured to use reasonable care, skill, and diligence to do so, the duty to speak accurately and truthfully, and the duty to disclose all material facts relating to the Water Loss Initiative and arbitrary claim handling tactics. Pet. ¶ 47. The Petition states Wright breached this duty by misrepresenting, concealing, or omitting material facts from Plaintiff, including (but not limited to) the following: (a) the Insured Property met all underwriting requirements; (b) all property inspections had occurred; (c) the full replacement cost coverage would fully restore, replace and/or repair the Insured Property in the event of a loss by a covered event; (d) the Insured Property was eligible for the comprehensive full replacement cost coverage (rather than ACV); (e) whether pre-existing issues with the Insured Property would either prevent issuance of or limit the full replacement cost coverage for any damage during the Policy period; (f) the nature of  procurement of the comprehensive full replacement cost coverage Plaintiff requested; (g) that all Plaintiff needed to do was file a claim and he would be taken care of; (h) the Policy covered all fortuitous losses; (i) that Plaintiff was

fully covered at full replacement cost coverage under the Policy; and (j) Defendants failed to disclose all material information to Plaintiff about State Farm's bad faith claims handling tactics arising from the Water Loss Initiative. Pet. ¶ 48. The Petition alleges Plaintiff detrimentally relied on numerous representations made by Wright when purchasing the Policy, Pet. ¶¶ 6 & 39, and suffered damages as a result. Pet. ¶ 50. These allegations are sufficient to satisfy the particularity requirements surrounding fraud allegations—the "who, what, when, where": the representations were made by Wright during policy procurement, and said representations misstated the scope of coverage and Plaintiff's rights thereunder.

Oklahoma federal courts agree an agent can be liable for misrepresentation where the condition and satisfaction of underwriting guidelines are misrepresented. *See, e.g.*, *Harris v. State Farm*, 2024 WL 1957315, at \*2 (W.D. Okla. May 3, 2024); *Ervin*, 2022 WL 22839581, at \*2-3; *Kyger*, 649 F. Supp. 3d at 1206; *McDow*, 2022 WL 17960457, at \*2; *S. Sooner Holdings, LLC*, 2022 WL 17831395, at \*2.  The fact so many Oklahoma courts—both state and federal—have sided with Plaintiff on this very issue shows that State Farm cannot establish with "complete certainty" that Plaintiff is unable to state ***any*** claim against Wright. State Farm has given this Court no reason to hold otherwise.

## IV.    CONCLUSION

Accordingly, for the reasons stated, Plaintiff's Motion to Remand should be granted.

15

Respectfully submitted,


*/s John Sanders*
Reggie N. Whitten, OBA No. 9576
Michael Burrage, OBA No. 1350
Blake Sonne, OBA No. 20341
Hannah Whitten, OBA No. 35261
John S. Sanders, OBA No. 34990
Jake Denne, OBA No. 35097

**WHITTEN BURRAGE**
512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Office:        405.516.7800
Facsimile:    405.516.7859
rwhitten@whittenburragelaw.com
mburrage@whittenburragelaw.com
bsonne@whittenburragelaw.com
hwhitten@whittenburragelaw.com
jsanders@whittenburragelaw.com
jdenne@whittenburragelaw.com

***Attorneys for Plaintiff***

16

## CERTIFICATE OF SERVICE

I certify that the forgoing document was served on all registered parties of record by means of the Court's ECF system.

*/s/ John Sanders*