# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) BRADLEY COX**, <br><br> *Plaintiff*, <br><br> **v.** <br><br> **(1) STATE FARM FIRE AND CASUALTY COMPANY** and <br> **(2) JEREL WRIGHT**, <br><br> *Defendants*. | **Case No. CIV-26-752-R** |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

In support of the Motion for Remand (ECF No. 6), Plaintiff submits the foregoing Reply and maintains that this Court lacks subject matter jurisdiction over Plaintiff's claims and thus remand of this case is appropriate. The governing standard, which is not in dispute, is fatal to removal. State Farm must prove fraudulent joinder *"with complete certainty upon undisputed evidence"* and show Plaintiff has no possibility of recovery against Defendant Jerel Wright ("Wright") under Oklahoma law. *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967); *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). The Court must resolve *"all factual and legal issues"* in Plaintiff's favor. *Id.* State Farm cannot meet that burden, and it effectively concedes as much by only raising disputed factual allegations and merits-based arguments that force the Court to improperly "pre-try" this case at the removal stage.

State Farm tries to manufacture a basis for removal by attacking Plaintiff's allegations against Wright and asserting State Farm's own narrative of these claims, including the false assertions that Wright somehow cannot be liable because the house was brand new when the policy was issued in 2009; that Wright could not have discovered a faulty pipe behind a wall; that Wright was not involved in the renewals of the Policy; that a third party inspection at some point during the life of the Policy somehow renders Plaintiff's allegations false; that Wright's conduct did not injure Plaintiff; that Wright was under no duty to speak; that Plaintiff's claims are time-barred; and more. *See* ECF No. 12, State Farm's Response to Plaintiff's Motion to Remand. These arguments depend entirely on materials outside of the Petition and, at most, raise disputed questions of fact, which are precisely the kind of merits questions this Court "may not pre-try" on a motion to remand.

1

*Maher v. State Farm*, 2025 WL 1909507, at *1 (W.D. Okla. July 10, 2025). The remainder of the Response reprises the causation, duty, and "received-the-policy" arguments that this Court's sister courts have rejected time and again.

As the Eastern District recently explained in a parallel Scheme case, State Farm's approach "asks the Court to treat disputed factual allegations as jurisdictional fraud," which "conflates the two *Dutcher* prongs and improperly transforms a jurisdictional inquiry into a merits determination"; "repetition of allegations does not, by itself, establish fraud." *Baugh*, 2026 WL 796371, at **2, 5. The new wrinkle—Wright's conduct in procuring illusory replacement cost coverage due to State Farm's Water Loss Initiative and the failure to disclose the same to Plaintiff at any time—does not convert disputed fact questions into jurisdictional fraud. Nor is the Petition a "cookie-cutter" sham: it pleads detailed, plaintiff-specific facts, including the January 17, 2023 pipe burst, and Wright's specific representations and assurances that induced Plaintiff to detrimentally rely on the same to purchase and renew effectively worthless "replacement cost coverage" for water losses. Pet. ¶¶ 6-17, 38-39, 48-52. "[T]he fact that Plaintiffs' claims are premised on the existence of a widespread scheme by State Farm dispels that the use of a formulaic petition, in and of itself, demonstrates actual fraud." *Willard*, 2025 WL 2419274, at *5. Because Plaintiff's claims against Wright are possibly viable, remand is required.

## I.      Wright Violated the Duty to Speak Fully, Accurately and Truthfully.

State Farm's Response does nothing more than skate around the unique allegations against Wright in Plaintiff's case, including Wright's critical misrepresentations and empty

promises, in order to improperly narrow the Court's focus on State Farm's own revised version of disputed allegations in violation of the appropriate remand standard and presumptions favoring remand established by *Hain* and other pertinent authority. For example, State Farm falsely asserts that Plaintiff did not plead ***affirmative representations*** by Wright. ECF No 12 at 14-15. By contrast to State Farm's false contentions and mischaracterizations, Plaintiff's pleadings are littered with highly specific and unique factual allegations regarding Wright's ***express representations*** and specific conduct that harmed Plaintiff and give rise to liability against Wright under Oklahoma law. *See* ECF No. 6 at 1-2; *see also* Pet. at ¶¶ 5-17, 22, 26-34, 36-39, 48-52. The very allegations State Farm misconstrues are the same allegations that distinguish Plaintiff's case from this Court's and others' decisions denying remand that relied in part on the notion that there was no evidence in the record triggering a duty to speak. *See, e.g., Barlow v. State Farm Fire & Cas. Co.*, 2025 WL 1139489, at *3 n.5 (W.D. Okla. Apr. 17, 2025), reconsideration denied, 2025 WL 1841327 (W.D. Okla. July 2, 2025); *see also White v. State Farm*, No. CIV-25-561-HE (W.D. Okla. Aug. 21, 2025) (ECF No. 19, Order denying remand).

Here, Plaintiff has clearly pled facts that state Wright communicated with Plaintiff with the intent of inducing Plaintiff's reliance and trust, as well as the intent to deceive and mislead Plaintiff. *See* Pet. at ¶¶ 5-17, 22, 26-34, 36-39, 48-52; *see also* ECF No. 6 at 1-2, 9-15. Plaintiff has sufficiently pled facts supporting a viable claim of the duty to speak due to Wright's partial disclosures followed by the failure to disclose Wright's knowledge of the ***truth***—that State Farm never truly intended to provide Plaintiff full replacement cost coverage on water loss claims due to policy changes related to the Water Loss Initiative by

3

State Farm that Wright was aware of. *See id*. Skipping over these allegations does not preclude liability for Wright under Oklahoma law.

Under Oklahoma law, once an agent chooses to speak, the agent has a duty to speak truthfully and fully. *Uptegraft v. Dome Petroleum Corp.*, 1988 OK 129, ¶12, 764 P.2d 1350, 1353–54. Other courts have found similar representations by agents trigger a duty of disclosure. *McDow v. State Farm*, 2022 WL 17960457, at *2 (W.D. Okla. Dec. 27, 2022) (granting remand where agent had "a duty to speak based upon a partial disclosure"); *S. Sooner Holdings, LLC v. Travelers Indem. Co. of Am.*, 2022 WL 17831395, at *2 (E.D. Okla. Dec. 21, 2022) ("once [the agent] did speak about the property, it had a duty to speak truthfully."). Because Plaintiff has pled factual allegations that Wright did speak but failed to do so truthfully and fully, there are factual disputes that must be resolved in Plaintiff's favor at the jurisdictional stage. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).

II.     **Plaintiff's Case is Akin to *Shamblin* and Other Western District Authority Granting Remand.**

State Farm's reliance on other authorities denying remand highlights the very existence of a well-documented split of authority among judges in this district that confirms that the question of agent liability cannot be resolved with "complete certainty." As Judge Palk observed in *Willard v. State Farm*, 2025 WL 2419274 (W.D. Okla. Aug. 21, 2025): "[c]ertainly, if the lack of any possibility of recovery against the agents could be established with 'complete certainty,' it is doubtful such a split of authority would exist." *See id.* at *5. Additionally, Judge Dishman recently granted remand in a case identical to Plaintiff's wherein representations by the State Farm agent were pled. *See Shamblin v. State Farm*,

4

No. CIV-26-102-JD (W.D. Okla., May 4, 2026) (Order, ECF No. 23 at *1-3). There, Judge

Dishman held the following:

> Based upon the above, Garey's promise that State Farm would provide future coverage could serve as a basis for Plaintiffs' claim if made with the knowledge State Farm would not provide coverage and with the intent to induce Plaintiffs to quit pursuing coverage of their claims preceding the March 2025 storm. At this pleading stage, the Court concludes Plaintiffs' allegations are adequate to demonstrate a reasonable basis for their constructive fraud/negligent misrepresentation claim. *See Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished) ("A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law.").

*See id*. at *8. That same rationale applies with equal force here where Plaintiff alleges

Wright induced him, through his express promises/assurances, into the belief that all

damage would get replaced in the event of water damage, which turned out to be false

following State Farm's intentional underpayment/denial of the claim due to State Farm's

Water Loss Initiative. *See* Pet. at ¶¶ 5-17, 22, 26-34, 36-39, 48-52; *see also* ECF No. 6 at

1-2, 9-15. Accordingly, remand is warranted in accordance with *Shamblin* and the plethora

of cases cited in the Motion for Remand finding identical agent claims viable under

Oklahoma law. ECF No. 6 at 5-14.

III.     **State Farm's Rehashed, Shopworn Arguments Fail.**

State Farm's remaining arguments misapprehend both the Petition and the standard

in rehashing shopworn theories that have previously failed.

***Plaintiff did not receive the policy they requested***. State Farm's contention that

Plaintiff "indisputably received the coverage requested" (ECF No. 12 at 4) is the same

argument Judge Palk rejected as "premature": "[w]hether Plaintiff[s] received the

functional equivalent of what [the agent] promised and what they requested is a quintessential fact issue." *Willard*, 2025 WL 2419274, at *4. Issuance of a policy does not establish, as a matter of law, that the agent procured what was promised. *Id.*; *see Yeary v. Safeco Ins. Co. of Am.*, 2022 WL 3447120, at *3 (N.D. Okla. Aug. 17, 2022). In addition to the fact that Plaintiff pled he did not receive the coverage as he requested and as Wright promised (Pet. at ¶¶ 6, 38(a), 48(d)-(f)), State Farm also misplaces reliance on *Rotan* even though Plaintiff's case involves a specific request for full replacement cost coverage. *See* ECF No. 12 at 4, 8; *see also* ECF No. 6 at 10-11; *Rains v. CSAA Fire & Cas. Ins. Co.*, 2020 WL 6729085, at *6 (N.D. Okla. Nov. 16, 2020).

***Plaintiff pled causation***. State Farm insists Plaintiff's injury flows solely from claim handling, not procurement. But the Petition alleges that Wright's procurement and renewal stage representations and omissions exposed Plaintiff to the loss of the very replacement-cost protection he was promised. *See* Pet. at ¶¶ 5-17, 22, 26-34, 36-39, 48-52; *see also* ECF No. 6 at 1-2, 9-15. Whether the injury traces to procurement/renewal or adjustment—or all—is a disputed fact question; a coverage dispute with the insurer "does not preclude the possibility that [the agent] may ultimately be held liable for negligent procurement." *Shira v. State Farm*, 2023 WL 4624701, at *1 (W.D. Okla. July 19, 2023). Courts in this district have held that coverage disputes do not preclude negligent procurement liability where the insured plausibly alleges the agent promised, implied, or failed to disclose facts such that the policy did not meet the disclosed coverage need. *Yeary v. Safeco Ins. Co. of Am.*, 2022 WL 3447120, at *3 (N.D. Okla. Aug 17, 2022)(Where the

policy "did not realistically provide [the] coverage" plaintiffs requested, it did not meet their disclosed "specific coverage need."); *Sang v. Smith*, 2020 WL 6472683, at *4 (N.D. Okla. May 19, 2020) ("[A]gents must offer coverage for *needs disclosed* by the insured.")(emphasis original).

***Duty to inspect, speak****:* State Farm attacks a freestanding duty to inspect, which Plaintiff does not assert. Rather, Plaintiff alleges a duty of reasonable care in procurement/renewal and a duty to speak truthfully once Wright chose to speak about replacement cost coverage, underwriting compliance, eligibility, and condition—and that Wright assumed and exercised that role. *See* Pet. at ¶¶ 5-17, 22, 26-34, 36-39, 48-52. As shown above, Oklahoma recognizes that "once [an agent] did speak about the property, it had a duty to speak truthfully." *S. Sooner Holdings, LLC v. Travelers Indem. Co. of Am.*, 2022 WL 17831395, at *2 (E.D. Okla. Dec. 21, 2022). Whether Wright breached that duty is a merits question.

Similarly, the duty to speak arises where the agent voluntarily speaks to material matters at Policy procurement/renewal. Here, Wright promised/assured Plaintiff that "he was procuring replacement cost coverage, the coverage was full and complete coverage for the Home, and that all Plaintiff needed to do was file a claim to be taken care of." Pet. at ¶ 6. However, Wright intentionally refused to disclose the whole truth regarding the Water Loss Initiative's impact on the purported replacement cost coverage. *McDow, supra.* Plaintiff alleges precisely such partial disclosures and omissions. *See* ECF No. 6 at 1-2.

***Future promises / puffing / "indisputably true:"*** State Farm's characterization of Wright's statements as non-actionable opinion or future promises, and its assertion that any implied representations were "indisputably true", again ask the Court to decide contested merits questions in State Farm's favor. The representations are pled as present-tense assertions of eligibility and coverage scope, and their truth is precisely what is disputed. These are not matters "capable of summary determination" with "complete certainty." *Smoot*, 378 F.2d at 882.

Under the deferential standard, these allegations more than furnish a reasonable basis to predict recovery for Plaintiff's claims against Wright.

State Farm's fallback—that Plaintiff alleged "false facts" to defeat jurisdiction—misunderstands the doctrine. Fraudulent joinder premised on pleading fraud concerns actual fraud in the pleading of jurisdictional facts, such as misstating citizenship or the amount in controversy—not the perceived weakness of state-law claims. *Dutcher*, 733 F.3d at 988. Numerous courts have already considered and rejected State Farm's pleading-fraud theory, such as Judge Wyrick in *Coover*—where State Farm advanced the same argument based on counsel's use of similar petitions. *Coover*, 2025 WL 3470868, at *2.

Lastly, State Farm improperly raises the statute of limitations as a basis for removal. *See* ECF No. 1 at ¶ 24; *see also* ECF No. 12 at 12-13 & 18-19. Whether or not Plaintiff's claims are time-barred is not a jurisdictional issue that is ripe for consideration by this Court. Plaintiff maintains that this Court should disregard State Farm's statute of limitations arguments as an improper merits-based determination. Moreover, it is premised

8

on the false assumption that Plaintiff's claims against Wright are purely limited to when the Policy was issued in 2009. ECF No. 12 at 12-13. This cannot be true because Wright was the agent of record when the claim at issue in this lawsuit arose in 2023. State Farm cannot dispute this.

## IV.    Conclusion and Request for Remand.

State Farm has not shown—with complete certainty, on undisputed evidence—that Plaintiff has no possibility of recovery against Wright. On the contrary, Plaintiff pled detailed claims for negligent procurement and constructive fraud built on Wright's express representations followed by intentional omissions regarding the Water Loss Initiative. At most, State Farm raises contested questions of fact and unsettled questions of state law, all of which must be resolved in Plaintiff's favor. The Motion to Remand should be granted.

/s/ *John Sanders*

Reggie N. Whitten, OBA No. 9576
Michael Burrage, OBA No. 1350
Blake Sonne, OBA No. 20341
Hannah Whitten, OBA No. 35261
John S. Sanders, OBA No. 34990
Jake Denne, OBA No. 35097

**WHITTEN BURRAGE**
512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Office: 405.516.7800 | Fax: 405.516.7859
rwhitten@whittenburragelaw.com

***Attorneys for Plaintiff***

9

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2026, I electronically transmitted the above document to the Clerk of the Court and all parties of record using the Court's ECF filing System.


/s/ *John Sanders*