**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BRADLEY COX, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. CIV-26-752-R |
| | ) | |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Before the Court is Plaintiff's Motion to Remand [Doc. No. 6] contending that Defendant State Farm's removal was improper. The motion is fully briefed and at issue [Doc. Nos. 12, 13].

***Background***

This action arises from State Farm's adjustment of an insurance claim for interior water damage to Plaintiff's house. Plaintiff initiated this action in state court asserting claims against State Farm for breach of contract, breach of the duty of good faith and fair dealing, and constructive fraud/negligent misrepresentation. Plaintiff also asserts claims for negligent procurement of insurance and constructive fraud/negligent misrepresentation against Jerel Wright, the insurance agent that sold Plaintiff his policy. *See* Pet. [Doc. No. 1-2].

Plaintiff obtained his State Farm homeowner's insurance policy in 2009. Plaintiff alleges that in seeking insurance for his home in 2009, he asked Mr. Wright for replacement cost coverage, Mr. Wright promised he was procuring replacement cost coverage, and Mr.

1

Wright promised that "all Plaintiff needed to do was file a claim to be taken care of." *Id.* ¶ 6. The policy renewed each year. Fourteen years after Mr. Wright initially procured the policy, Plaintiff submitted a claim to State Farm because a pipe burst in his home and caused extensive water damage. *Id.* ¶ 8. State Farm estimated for damages, but allegedly underpaid the claim in accordance with its "Water Loss Initiative," an enterprise-wide scheme to reduce payments on water loss claims via various bad faith claims handling tactics. *Id.* ¶¶ 16, 22, 28-31

State Farm removed the action on the basis of diversity jurisdiction contending that Mr. Wright, an admittedly non-diverse defendant, is fraudulently joined in the action. In its Motion to Remand, Plaintiff argues that State Farm has failed to meet its heavy burden of establishing fraudulent joinder.

### *Standard*

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quotation omitted). "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (brackets and quotation omitted). Under the second prong, the removing party must show "that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court." *Montano v. Allstate Indem.*, 211 F.3d 1278 (10th Cir. 2000) (unpublished) (question and brackets omitted).

2

Although removability is typically determined on the face of the pleadings, "upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (internal citation omitted). "This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Id.*

### *Discussion*

Based on Plaintiff's allegations, and the other undisputed material in the record, the Court concludes that State Farm has met its burden of establishing that Plaintiff does not have a viable claim against Mr. Wright for negligent procurement of insurance or constructive fraud/negligent misrepresentation.

As to the first claim, Oklahoma law recognizes that an insurance agent has a "duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance." *Swickey v. Silvey Co.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). "This duty rests, in part, on specialized knowledge about the terms and conditions of insurance policies generally." *Rotan v. Farmers Ins. Grp. of Companies, Inc.*, 83 P.3d 894, 895 (Okla. Civ. App. 2004) (internal quotations marks and brackets omitted). An insurance agent can therefore be liable to the insured in negligence "if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey*, 979 P.2d at 269. However, "the scope of the agent's duty to use reasonable care, skill, or diligence in the procurement of insurance" is limited to needs disclosed by the insured. *Rotan*, 83 P.3d at 895. Agents

3

"do not have a duty to advise an insured with respect to his insurance needs" and "a general request for adequate protection and the like does not change this duty." *Id*. (internal quotation marks and brackets omitted). Thus, "[t]o discharge their duty to act in good faith and use reasonable care, skill, and diligence in the procurement of insurance, including use of their specialized knowledge about the terms and conditions of insurance policies, insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds, and this duty is not expanded by general requests for 'full coverage' or 'adequate protection.'" *Id*.

Here, Plaintiff alleges that Mr. Wright breached duties owed to Plaintiff by procuring and renewing "illegitimate full replacement cost coverage," a policy which deviated substantially and materially from the full replacement cost coverage requested, a policy that did not accurately reflect the replacement cost of the property, and a policy that did not provide full replacement cost coverage to fully restore the property to its pre-loss condition. Pet. ¶ 38. Plaintiff also alleges that Mr. Wright failed to abide by State Farm's underwriting guidelines, perform necessary inspections, confirm the accuracy of pre-filled information provided by State Farm's estimating tool, disclose pre-existing damage, verify whether "its inherent representation" that the property was in good condition was accurate, procure and renew a policy that provided the requested full replacement cost coverage for all fortuitous losses, and disclose material facts concerning the water loss initiative. *Id*.

Several of these assertions appear to be recycled from a form pleading and disconnected from the underlying facts of this case. But more to the point, Plaintiff fails to explain how several of these alleged breaches are causally connected to his alleged

4

damages given that State Farm issued him a policy, the policy provides replacement cost coverage, the coverage values are far in excess of his claimed losses, the loss was the result of a burst pipe that would not have been visible during an inspection, and State Farm estimated to repair the loss (albeit for less than Plaintiff believes is owed).

A negligent procurement claim "examines whether insurance agents failed to deliver a policy or coverage specifically requested and that the insurance agent promised to deliver." *Zalesak v. Allstate Vehicle & Prop. Ins. Co.*, No. CIV-25-01364-JD, 2026 WL 1286853, at *5 (W.D. Okla. May 11, 2026). Plaintiff's own allegations and the undisputed facts in the record establish that Plaintiff received a replacement cost policy. Plaintiff does not allege that he "communicated any additional specific coverage needs to [Mr. Wright] that were disregarded." *Whinery v. State Farm Fire & Cas. Co.*, No. CIV-25-686-G, 2026 WL 879034, at *3 (W.D. Okla. Mar. 30, 2026) (denying remand). Because Plaintiff received the replacement cost value policy he requested, he cannot show that, "by the agent's fault, insurance [was] not procured as promised." *Swickey*, 979 P.2d at 269. *See also Rain Drop Found., Inc. v. State Farm Fire & Cas. Co.*, No. 24-1101-D, 2025 WL 582562, at *4 (W.D. Okla. Feb. 21, 2025) (no viable claim against agent because "Plaintiff's alleged damages arose, not because of the type of insurance procured, but because State Farm refused to replace Plaintiff's roof"); *Stafford v. State Farm Fire & Cas. Co.*, CIV-25-08-HE (W.D. Okla. May 25, 2025) ("The fact that a claim under a policy is denied, or paid at a level less than that sought by the insured, does not, without more, render the policy illusory."); *Country Gold, Inc. v. State Auto Prop. & Cas. Ins. Co.*, No. CIV-14-1398-D, 2015 WL 431638, at *2-4 (W.D. Okla. Feb. 2, 2015) (finding "no legal basis for

5

Plaintiff's negligence claim" based on allegations that the agent failed to inform insured "of the limitations of the insurance policy" and failed to conduct an "underwriting analysis" or make "annual adjustments to the coverage limits"). Plaintiff therefore lacks a plausibly viable claim for negligent procurement of insurance against Mr. Wright.

As the second claim, a constructive fraud claim under Oklahoma law requires a "breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, … by misleading another to his prejudice, …." Okla. Stat. Ann. tit. 15, § 59(1); *see also Sullivan v. Wyndham Hotels & Resorts, Inc.,* No. 21-7003, 2021 WL 5822690, at *3 (10th Cir. Dec. 8, 2021) (explaining that negligent misrepresentation requires a material misrepresentation, a breach of a duty in making the misrepresentation, and reasonable reliance to the plaintiff's detriment). Such a duty "may arise if a party selectively discloses facts that create a false impression." *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1181 (10th Cir. 2008) (applying Oklahoma law). "In other words, one conveying a false impression by the disclosure of some facts and the concealment of others is guilty of fraud even though his statement is true as far as it goes, since concealment is in effect a false representation that what is disclosed is the whole truth." *Id.* (internal quotation marks and brackets omitted).

Plaintiff alleges that "Defendants" misrepresented that the property met all underwriting requirements, that all property inspections had occurred, that the replacement cost values were accurate, that the property was eligible for replacement cost coverage, that he was receiving comprehensive replacement cost coverage, and that he would be taken care of if he filed a claim. Plaintiff further alleges that "Defendants" failed to disclose

6

pre-existing issues with the property that would limit full coverage and failed to disclose all material information about the water loss initiative. Pet. ¶ 48.  Again, at least some of these assertions are irrelevant or disconnected from the underlying factual allegations in this case. For example, there are no alleged facts suggesting that the replacement cost value was inaccurate or that any alleged inaccuracy caused any damage to Plaintiff. There are no alleged facts suggesting that the property did not meet the underwriting guidelines or was ineligible for replacement cost coverage. On the contrary, State Farm issued a replacement cost policy, under which Plaintiff is now suing State Farm.

In any event, to the extent Plaintiff's constructive fraud/negligent misrepresentation claim is premised on inherent representations, this Court has "repeatedly declined to conclude that an inherent or implied representation attendant to the issuance of an insurance policy is a sufficient basis for a constructive fraud/negligent misrepresentation claim against an insurance agent." *Whinery*, 2026 WL 879034, at *5 (quotation omitted); *see also Hall v. State Farm Fire & Cas. Co.*, No. CIV-25-00012-JD, 2025 WL 2905205, at *6 (W.D. Okla. Oct. 13, 2025) ("The Court declines to conclude that a reasonable basis for a constructive fraud/negligent misrepresentation claim is an inherent or implied representation attendant to the issuance of an insurance policy."). Further, Plaintiff has not identified any affirmative statement or partial disclosure by Mr. Wright that might trigger a duty to convey the information Plaintiff asserts should have been conveyed. *See Stafford*, CIV-25-08-HE at 7; *see also Whinery.* 2026 WL 879034, at *5 ("Plaintiffs' purchase of a replacement cost policy does not guarantee that their claims would be paid in full or paid in the exact manner they desire.") (quotation omitted); *Goebel v. State Farm Fire & Cas.*

*Co.*, No. CIV-22-0882-HE, 2023 WL 11883977, at *4 (W.D. Okla. Aug. 7, 2023) (explaining that an agent does not have "a duty to anticipate, and advise the insured as to, anything that might conceivably limit the payment of a future claim"). Plaintiff has not identified a misstatement of fact or a supplying of false information that might be sufficient to make out a viable constructive fraud claim against Mr. Wright.

Here, Plaintiff's real dispute is State Farm's coverage determination and claims handling practices, not Mr. Wright's actions during the procurement of the policy, which occurred approximately fourteen years ago. Construing any factual or legal ambiguities in Plaintiff's favor, State Farm has met its heavy burden of establishing that Mr. Wright is a fraudulently joined defendant and his citizenship is disregarded for purposes of determining subject matter jurisdiction.[1]

### *Conclusion*

Plaintiff's Motion to Remand [Doc. No. 6] is DENIED and the claims against Mr. Wright are dismissed without prejudice.

IT IS SO ORDERED this 1st day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court finds that Plaintiff has not alleged a viable claim against Mr. Wright, there is no need to address State Farm's argument that Plaintiff engaged in actual fraud in his pleading. However, the Court reiterates its concern that counsel is recycling allegations without regard to their applicability to a particular defendant. *See Hall v. State Farm Fire & Cas. Co.,* No. CIV-25-822-R, 2025 WL 2652133, at *2 (W.D. Okla. Sept. 16, 2025).